UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40239

_____
                                        )
DENNIS PIMENTA,                  )
                                        )
        Plaintiff,             )
                                        )
v.                                     )
                                        )
METROPOLITAN LIFE INSURANCE  )
COMPANY, SEARS ROEBUCK &      )
COMPANY,                           )
                                        )
        Defendants.      )
_____)

## **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST COMPLAINT**

Defendants Metropolitan Life Insurance Company ("MetLife") and Sears, Roebuck & Company ("Sears") hereby answer the numbered paragraphs of Plaintiff's First Complaint (the "Complaint") as follows.

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Defendants admit that MetLife is a corporation with offices in the State of New York. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Admitted.

4.     Paragraph 4 of the Complaint contains legal allegations to which no response is required. To the extent that a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.       Paragraph 5 of the Complaint contains legal allegations to which no response is required. To the extent that a response is required, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.       Defendants admit that Mr. Pimenta was a full time salaried employee of Sears. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

7.       Defendants admit that MetLife approved Mr. Pimenta's claim for Long Term Disability benefits effective April 6, 2000. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.       Defendants admit that Mr. Pimenta was enrolled in the Sears Group Long-Term Disability Insurance Plan (the "Plan"). Defendants admit that the Plan is a qualified benefit plan established in accordance with ERISA. Defendants deny that the document attached as Exhibit A of the Complaint, consisting of eighteen (18) pages, is a true and accurate copy of the "Sears 'Summary Plan Description'" and further answer that said document speaks for itself. Defendants deny any and all remaining allegations contained in Paragraph 8 of the Complaint.

9.       Defendants deny the allegations contained in Paragraph 9 of the Complaint. Further answering, defendants state that the Plan speaks for itself.

10.      Defendants admit that Sears is the Plan Administrator.

11.      The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, defendants admit that MetLife is a Claim Fiduciary of the Plan.

12. Defendants admit that MetLife was the Claim Administrator of the Plan at the time that Mr. Pimenta's claim for Long Term Disability benefits was pending. Defendants further admit that MetLife had discretionary authority to make certain decisions and to take certain actions pursuant to the Plan. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that MetLife approved Mr. Pimenta's claim for Long Term Disability benefits effective April 6, 2000 and began paying Mr. Pimenta's Long Term Disability benefits after expiration of the "Waiting Period" pursuant to the Plan. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint. Further answering, defendants state that the Summary Plan Description speaks for itself.

15. Defendants admit that MetLife approved Mr. Pimenta's claim for Long Term Disability benefits effective April 6, 2000. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 of the Complaint alleges that Mr. Pimenta's treating physicians think that he remains totally disabled, defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation. Defendants deny any and all remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that MetLife terminated Mr. Pimenta's benefits effective December 5, 2003 and that the decision was based in part, but not in whole, on surveillance as well as other documents in the administrative record. Defendants deny any and all remaining allegations contained in Paragraph 17 of the Complaint.

18. Denied. Further responding, defendants answer that Mr. Pimenta's appeal letter is dated January 20, 2004. MetLife received Mr. Pimenta's appeal letter on or about January 26, 2004.

19. Admitted.

20. Defendants admit that MetLife received a letter dated July 27, 2004 from Mr. Pimenta's lawyer, Kenneth J. Gogel, with a copy of a letter from Monica Woodward, M.D. to Mr. Gogel dated June 25, 2004. Defendants further respond that the document attached as Exhibit B to the Complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 of the Complaint refer to a letter from Dr. Woodward to Mr. Gogel dated June 25, 2004, the letter speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained in Paragraph 21 of the Complaint.

## COUNT I

22. In response to Paragraph 22 of the Complaint, defendants repeat and incorporate herein their responses to the Paragraphs referred to therein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint seeks benefits pursuant to an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29

4

U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

To the extent (and without admitting that) plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to set offs under the terms of the Plan.

### FOURTH AFFIRMATIVE DEFENSE

To the extent (and without admitting that) plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that plaintiff has an entitlement to unlimited future benefits given, *inter alia*, the possibility of future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### FIFTH AFFIRMATIVE DEFENSE

The determinations by either defendant regarding plaintiff's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

All determinations made by the defendants with respect to plaintiff's claim for benefits were made in the interest of all Plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint, in whole, or in part, is barred because the plaintiff failed to fulfill his obligations under the Plan.

WHEREFORE, defendants respectfully request that the Court dismiss the Complaint, with prejudice, and award defendants their attorneys' fees and costs.

METROPOLITAN LIFE INSURANCE COMPANY, and SEARS, ROEBUCK & COMPANY,
By their attorneys,

/s/ James F. Kavanaugh, Jr.
/s/ Johanna L. Matloff
_____
James F. Kavanaugh, Jr. (BBO # 262360)
Johanna L. Matloff (BBO # 655178)
CONN KAVANAUGH ROSENTHAL PEISCH
  & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Dated: May 3, 2005

225568.1