UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Dennis Pimenta

    **Plaintiff**

    v.                                                         CIVIL ACTION
                                                              NO. 04-40239-FDS

Metropolitan Life Insurance
Company, Sears Roebuck & Company

    **Defendant**

## SCHEDULING ORDER

**SAYLOR, J.**

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures.** Automatic disclosures are not required in this case, because it is in the nature of "an action for review on an administrative record," which is exempt from initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(E)(i).

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after July 22, 2005.

3. **Record for Judicial Review.** The Defendants shall provide to the Plaintiff a copy of the proposed record for judicial review on or before August 5, 2005. If the Plaintiff claims that the record is incomplete or inaccurate in any way, he will notify Defendants' counsel in writing by August 19, 2005. If the Plaintiff does not provide such notice by August 19, 2005, then the Defendants shall file with the Court each of the documents served on the Plaintiff entitled as "Agreed Record for Judicial Review."

    If the Plaintiff does provide notice of a dispute by August 19, 2005, the parties must confer by September 6, 2005 in an attempt to ascertain an agreed record for

review. If the parties cannot agree on the record, they shall file a document entitled "Partial Record for Judicial Review," containing the particular record upon which the parties agree, by September 20, 2005. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by September 20, 2005. Parties opposing any such motion shall file any opposition by October 4, 2005.

4.   **Discovery Schedule.** If any party proposes that it is entitled to further discovery to constitute or supplement the record for judicial review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by September 20, 2005. Any party not proposing discovery shall have until October 4, 2005 to file an opposition.

If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the record for judicial review, it must file with the Court a submission showing cause for its entitlement to such a hearing by September 20, 2005. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any party opposing the evidentiary hearing shall have until October 4, 2005 to file an opposition.

5.   **Motion Schedule.** If the parties agree upon the record for review and have filed an "Agreed Record for Judicial Review," the Plaintiff shall his motion for summary judgment with accompanying memoranda by December 7, 2005. Defendants must file their oppositions and cross motions for summary judgment by January 6, 2006, to which Plaintiff must respond by January 20, 2006.

If the parties do not agree upon the record for review, and only a "Partial Record for Judicial Review" is filed, the Plaintiff shall file his motion for summary judgment with accompanying memoranda within two months after the Court determines what constitutes the record for judicial review, as supplemented. Defendants shall file their oppositions and cross motions for summary judgment within one month after Plaintiff files his motion for summary judgment. The Plaintiff shall respond to Defendants' oppositions and cross motions for summary judgment within two weeks after Defendants file their oppositions and cross motions for summary judgment.

**Procedural Provisions**

1. **Extension of Deadlines.**

    a. **Dispositive Motions and Pretrial Conference.** The parties may not extend the deadline for filing dispositive motions or the date of the final pretrial conference without leave of court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

    b. **Procedure for Seeking Extensions from Court.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

3. **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

4. **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

5. **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

|  | By the Court, |
|---|---|
| July 5, 2005 | /s/ Martin Castles |
| Date | Deputy Clerk |